# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| IN RE MOHAWK INDUSTRIES, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br><br>ALL ACTIONS. | Lead Case No.: 4:20-CV-00110-ELR<br><br>(Derivative Action) |

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF DERIVATIVE SETTLEMENT**

Plaintiff Tom Palmer respectfully submits this reply in further support of his Motion for Final Approval of Derivative Settlement (ECF No. 125) (the "Motion") of the claims brought on behalf of nominal defendant Mohawk Industries, Inc. ("Mohawk" or the "Company").[1]

## I.  NOTICE WAS DISSEMINATED PURSUANT TO THE COURT'S PRELIMINARY APPROVAL ORDER

On April 3, 2025, this Court preliminarily approved the Settlement, authorized issuance of the Notice and the Summary Notice to current shareholders, and set June 30, 2025 as the hearing date for final approval of the Settlement, including the Fee

---

[1] All capitalized terms used herein that are not otherwise defined shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated February 28, 2025 ("Stipulation") (ECF No. 120-3), or in the Declaration of Michael I. Fistel, Jr. in Support of Plaintiff's Motion for Final Approval of Derivative Settlement (ECF No. 125-2) ("Fistel Decl.").

and Expense Amount and service awards. *See* Preliminary Approval Order (ECF No. 122). Mohawk disseminated the Notice in accordance with the process presented to and approved by the Court. *See* ECF. No. 126.

## II. THE REACTION OF MOHAWK SHAREHOLDERS STRONGLY SUPPORTS FINAL APPROVAL OF THE SETTLEMENT, THE AGREED-TO FEE AND EXPENSE AMOUNT, AND DERIVATIVE PLAINTIFFS' REQUESTED SERVICE AWARDS

The Notice required that any objections to the Settlement, the agreed-to Fee and Expense Amount, or Derivative Plaintiffs' requested service awards be filed with the Court by June 16, 2025, and served on counsel for the parties. *See* Preliminary Approval Order, ¶¶ 7–10. That deadline has now passed, and no objections were submitted to any aspect of the Settlement, including the Fee and Expense Amount or the requested service awards. The absence of objections to date is "excellent evidence of the settlement's fairness and adequacy." *Ressler v. Jacobson*, 822 F. Supp. 1551, 1556 (M.D. Fla. 1992).[2]

---

[2] *See also In re MRV Commc'ns, Inc. Derivative Litig.*, No. CV 08-03800 GAF (MANx), 2013 WL 2897874, at *5 (C.D. Cal. June 6, 2013) (granting final approval where "[p]laintiffs [were] not aware of a single objection to any aspect of the [s]ettlement"); *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302 (SWK), 2006 WL 2572114, at *6 (S.D.N.Y. Sept. 6, 2006) ("'lack of objections may well evidence the fairness of the [s]ettlement'"); *In re Rambus Inc. Derivative Litig.*, No. C. 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) ("Given the benefits to [the corporation] and the lack of objections, the [c]ourt finds the [s]ettlement to be fair, adequate, reasonable, and a sound alternative to continued litigation."); *In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 333–34 (D.N.J. 2002) (where no objections were made, "there is little doubt that this factor weighs in favor of approval"); *In re Motorsports Merch. Antitrust Litig.*, 112

Moreover, the absence of any objections from institutional investors—who possess ample sophistication, means, and incentive to object to the Settlement if they deemed it unsatisfactory—is further evidence of the Settlement's fairness.[3]  *See Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (discussing the importance of institutional investors, noting that no institutional investors had objected, and affirming award of attorneys' fees).[4]  Indeed, City of Southfield Fire & Police Ret. System, one of the Derivative Plaintiffs, is a sophisticated institutional investor and, of course, supports all aspects of the proposed Settlement.  *See* Fistel Decl., ¶¶ 4, 41.

The lack of objections to the agreed-to Fee and Expense Amount also reinforces the Mediator's proposal and the Board's business judgment that the

---

F. Supp. 2d 1329, 1338 (N.D. Ga. 2000) ("[T]he lack of objections is a further factor weighing in favor of approval of the settlement[]."); *Roberti v. OSI Sys., Inc.*, No. 2:13-cv-09174-MWF (MRW), 2015 WL 8329916, at *5 (C.D. Cal. Dec. 8, 2015) ("By any standard, the lack of objection [by class members] favors final approval.").

[3] 676 institutional investors hold Mohawk shares, including Blackrock, Inc., Vanguard Group, Inc., JPMorgan Chase & Co., Invesco Ltd., and State Street Corporation.  *See* Mohawk Industries, Inc., YAHOO! FINANCE, *available at* https://finance.yahoo.com/quote/MHK/holders/ (last visited June 18, 2025).

[4] *See also In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 14-CV-2058 JST, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (finding absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the [p]roposed [s]ettlement is indicia of its fairness."), *aff'd sub nom. In re Facebook, Inc.*, 822 Fed. Appx. 40 (2d Cir. 2020).

3

requested Fee and Expense Amount is fair and reasonable in light of the Settlement's substantial benefits. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that only two class members objected to proposed fee award supports approval); *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261–62 (E.D. Va. 2009) (same).

Finally, the lack of objections to Derivative Plaintiffs' requested service awards in the amount of up to $2,000 each, to be paid from the Fee and Expense Amount, is further evidence of their reasonableness. *See Elder v. Reliance Worldwide Corp.*, No. 1:20-cv-1596-AT, 2025 WL 354513, at *4, *8 (N.D. Ga. Jan. 28, 2025) (awarding named plaintiffs $5,000 each in absence of objections to requested service awards).

### III.   CONCLUSION

Plaintiff respectfully requests that the Court enter the [Proposed] Order and Final Judgment granting final approval of the Settlement and approving the agreed-to Fee and Expense Amount and Derivative Plaintiffs' requested service awards.[5]

Respectfully submitted this 23rd day of June 2025.

                      **JOHNSON FISTEL, PLLP**

                      */s/ Michael I. Fistel, Jr.*
                      Michael I. Fistel, Jr.

---

[5] The [Proposed] Order and Final Judgment, which was previously submitted at ECF Nos. 120-3, at Ex. 3 and 125-23, is attached hereto for the Court's convenience.

Georgia Bar No. 262062
William W. Stone
Georgia Bar No. 273907
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Emails: michaelf@johnsonfistel.com
williams@johnsonfistel.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 564-2124
Facsimile: (212) 214-0506
Emails: fortunato@bespc.com
passmore@bespc.com

**HYNES & HERNANDEZ, LLC**
Michael J. Hynes
Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Emails: mhynes@hh-lawfirm.com
lhernandez@hh-lawfirm.com

*Counsel for Plaintiff*

## **RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

                                      */s/ Michael I. Fistel, Jr.*
                                      Michael I. Fistel, Jr.

## **CERTIFICATE OF SERVICE**

In accordance with Fed. R. Civ. P. and N.D. Ga. LR 5.1, I hereby certify that on this day I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: June 23, 2025    */s/ Michael I. Fistel, Jr.*
                                        Michael I. Fistel, Jr.